[48 NYS3d 515]

In the Matter of YANA SHTINDLER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 8, 2017

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated May 12, 2015, containing two charges of professional misconduct. After a hearing conducted on January 19, 2016, the Special Referee issued a report which sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in support of the motion, and asks that the Court impose a "tempered" sanction, i.e., a one-year suspension nunc pro tunc to May 18, 2014.

Charge one alleges that the respondent engaged in the practice of law while under an order of suspension, in violation of rule 8.4 (c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). By opinion and order of this Court dated April 17, 2013 (106 AD3d 173 [2013]), the respondent was suspended from the practice of law, commencing May 17, 2013. On April 19, 2013, the respondent's attorney was served with a copy of the order, as well as a copy of the Court's rules governing the conduct of disbarred, suspended or resigned attorneys (former 22 NYCRR 691.10). Prior to her suspension, the respondent

represented Prime Aid Pharmacies (hereinafter Prime Aid) as in-house counsel. Subsequent to her suspension, on or about June 14, 2013, on Prime Aid stationery, the respondent sent a letter to Thomas Faloon, of Pharmacy BenefitDirect, a pharmacy benefit management company, in which she stated that she was "general counsel" for Prime Aid, and affixed her signature above the typed words "Yana Shtindler, Esq."

On or about September 3, 2013, on Prime Aid stationery, the respondent sent another letter to Mr. Faloon, in which she again stated that she was "general counsel" for Prime Aid, advised him that something he wrote in a letter was "illegal," and affixed her signature above the typed words "Yana Shtindler, Esq." On or about September 3, 2013, the respondent sent an email to Mr. Faloon, in which she again stated she was "general counsel" for Prime Aid, and advised that he had illegally disclosed confidential information to a third party.

Charge two alleges that the respondent made false and misleading statements to the Grievance Committee, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). In September 2013, the respondent received from the Grievance Committee a complaint from Kristin K. C. Howard, general counsel and director of compliance at Pharmacy BenefitDirect, alleging, inter alia, that, in correspondence dated June 14, 2013 and September 3, 2013, the respondent had represented herself as an attorney to Mr. Faloon, although she was suspended from the practice of law. In her answer to the complaint, the respondent stated, inter alia, "I was advised by my attorney . . . that suspension went into effect on July 15, 2013." At an examination under oath on March 17, 2015, the respondent admitted that the aforementioned statement in her answer was "false," in that she had received the suspension order from her attorney on April 24, 2013, and that her attorney had advised her over the phone that the effective date of her suspension was May 17, 2013. At her examination under oath, the respondent also admitted that, at the time she sent her June 14, 2013 letter to Mr. Faloon, she knew that she was under suspension.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

At the hearing, the respondent candidly admitted the charges, acknowledging that she was aware of her suspension

when she held herself out as "general counsel" to Prime Aid, and acknowledged that it was wrong for her to have done so. In mitigation, she explained that Prime Aid was a specialty pharmacy, created and owned by her husband, that is run on a business model that assists patients in obtaining access to high-cost medications. Prime Aid's success caused friction with Pharmacy BenefitDirect, a pharmacy benefit manager, an entity that works for insurance companies. A pharmacy benefit manager's goal is to reduce the number of approved prescriptions by denying approval and/or withholding payment, which saves the insurance company money, but runs counter to the interest of the patient. Toward the end of 2012, Pharmacy BenefitDirect started to audit Prime Aid. Mr. Faloon was an auditor for Pharmacy BenefitDirect. If, during an audit, too many errors are found, a pharmacy will be terminated from the network. Ultimately, the audit was resolved in Prime Aid's favor, but in June 2013, the audit was still ongoing.

In June 2013, the respondent was running the day-to-day operations of the pharmacy. The letter in question, addressed to Mr. Faloon, in which the respondent represented herself as "general counsel," was correspondence exchanged in the course of the audit. The respondent testified that she held herself out in such a fashion out of anger and pride, and did not want to be disadvantaged in her dealings with Mr. Faloon.

With respect to sanctions, the respondent asks that the Court take into consideration the following factors: her candor in acknowledging the misconduct; her remorse; her serious health issues that required her to undergo multiple surgeries; her passion for helping Prime Aid's patients who are afflicted with serious medical problems like her own; the fact that the underlying misconduct was limited to misrepresenting her attorney status during an audit of a family business; and her generally excellent reputation for honesty and integrity in her professional dealings, as expressed in letters written by counsel who have since been retained to represent Prime Aid in its legal affairs, which were submitted at the hearing.

Here, we note that the respondent held herself out as an attorney in a single transaction, which she had been handling on behalf of a family business, and was not attempting to earn additional legal fees by completing a legal matter commenced prior to her suspension, or taking on a new matter. Considering this circumstance, as well as the factors cited by the respondent and the fact that she has been continuously sus-

pended from the practice of law since May 17, 2013, we find that a one-year suspension, nunc pro tunc to May 18, 2014, is warranted.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Yana Shtindler, is suspended from the practice of law for a period of one year, effective May 18, 2014, and continuing until further order of this Court. The respondent may apply for reinstatement immediately. In such application (*see* 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof (1) that during the said period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) that she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Yana Shtindler, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Yana Shtindler, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Yana Shtindler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).